## SUPREME COURT.

JAMES GIBSON, assignee of HUGH McCROSSAN agt. WILLIAM C. HAGGARTY and OGDEN HAGGARTY.

In all cases where an application is made under § 294 of the Code, (to reach the judgment debtor's property in the hands of a third person) *notice* of the proceeding should be given to the *judgment debtor*.

The title of a *bona fide* assignee of a judgment debtor's property cannot be affected by an order under § 294 of the Code, made subsequent to the assignment, where the assignee has had no notice of the proceedings.

*New York General Term, May,* 1862.

APPEAL from an order made under § 294 of the Code, directing the property of the judgment debtor to be paid over, in part satisfaction of the judgment.

By the court, ROSEKRANS, Justice. It is not necessary in this case to question or consider the numerous decisions

which hold that proceedings under section 294 of the Code may be taken without obtaining an order for the examination of the judgment debtor under section 292 of the Code. In none of them did the question arise, which is presented in this case. The property of the judgment debtor, which, by the order, was directed to be paid over in part satisfaction of the judgment, prior to the making of the order, had been assigned to the plaintiff. No question is made as to the good faith or validity of the assignment, and, of course, the title to the fund mentioned in the order was in the plaintiff as such assignee. The order, as a necessary consequence, could not operate upon it, nor could the plaintiff's title be divested by a proceeding between others of which the plaintiff had no notice. It is a fundamental principle of the law that no one can be deprived of his property without due process of law, and a proceeding against a party, without notice, is not such process. Section 294 leaves it to the discretion of the judge whether notice of the proceeding shall be given to the debtor or other party to the action. It may be proper to say that some of the judges in this district uniformly require such notice to be given to the judgment debtor, and others hold as a matter of precaution that no order should be made for an application of the debtor's property to the payment of a judgment under section 294, unless an order is made under section 292 of the Code. We think that in all cases where an application is made under section 294, notice of the proceeding should be given to the judgment debtor.

The stipulation between the parties that no other question should be raised except as to the validity of the judge's order, cannot be construed as excluding an inquiry into the validity of the order against the plaintiff, the owner of the property.

The order may have been good between the other parties, but without it has no force against the plaintiff.

LEONARD, Justice, concurred.

INGRAHAM, P. Justice.   I think the assignee was guilty of negligence in not giving notice to the debtors of the assignment.  ˙ Had such notice been given to the defendants, they would have had the knowledge necessary to resist the application.